**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JONPAUL GOMORI, | ) | CASE NO. 4:21-cv-00401 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Comm'r of Soc. Sec.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

On February 19, 2021, Plaintiff Jonpaul Gomori (Plaintiff) filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On March 25, 2022, Magistrate Judge Jonathan D. Greenberg issued his Report and Recommendation. The Magistrate Judge recommends that the Court AFFIRM the Commissioner's decision. (R. 18). Plaintiff filed objections within the fourteen-day deadline. (R. 19). The Commissioner filed a response. (R. 20).

For the reasons below, Plaintiff's objections (R. 19) are OVERRULED and the Report and Recommendation (R. 20) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

**A. Background**

Plaintiff's Brief on the Merits set forth the following assignment of error: (1) the ALJ assessed a physical residual functional capacity (RFC) finding that is unsupported by substantial evidence due to an erroneous failure to develop the record with updated opinion evidence. (R. 13, PageID# 820). Specifically, Plaintiff contended that the ALJ erred by "rel[ying] upon an opinion that was not based on the entire record" (*Id*. at PageID# 828) and that "[t]he ALJ should have taken some action to develop the record post-Agency review." (*Id*. at PageID# 831). The R&R determined that "it is not error for the ALJ to rely on state agency reviewers' opinions based on an incomplete record so long as the ALJ considered the later evidence. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010)* ("Even if [the State agency physician's] RFC was completed without knowledge of these [medical] issues, however, the record reflects that the ALJ considered them.")" (R. 18, PageID# 871). The R&R then proceeded to set forth the ALJ's extensive review of the evidence that post-dated the State Agency opinion. *Id*. at PageID# 871-873. Furthermore, the R&R distinguished the authority relied upon by Plaintiff, by finding that:

> Here, the challenged evidence not considered by the state agency reviewers was limited to the development of Gomori's spinal impairment, and the ALJ stated, with accuracy, that imaging and objective exam findings that post-dated the state agency reviewers' opinions and pre-dated Gomori's fall remained the same or had improved. The ALJ stated, with accuracy, that imaging of Gomori's spine after his fall showed a compression fracture but that his objective exam findings remained the same. Indeed, Gomori had testified that his symptoms after his fall were "really the same," other than the pain "kinda goes upward in my back." Tr. 64. Thus, unlike in *Childs*, the evidence does not show that Gomori's condition continued to worsen or that new conditions developed that caused severe symptoms.

(R. 18, PageID# 874).

**B. Objections**

Plaintiff's objections to the R&R's finding are not entirely clear. (R. 19, PageID# 879) ("Review of the relevant evidence is irrelevant when such evidence requires significant medical knowledge …"). Plaintiff appears to concede that there is no "*per se* rule that the ALJ may not rely on state agency opinion evidence that pre-dates later evidence," and denied advancing any such argument. *Id*. Nevertheless, Plaintiff advances no meaningful argument, supported by on-point authority, that the ALJ was not permitted to rely on a state agency opinion based on the facts of the case at bar, save for the implied allegation that the ALJ impermissibly relied on his or her own interpretation of the medical data. *Id*. Plaintiff's objections, however, fail to develop any argument that would demonstrate the ALJ engaged in such lay interpretation or that the R&R's resolution of the issue was erroneous.[1]

The objections assert that "an ALJ has discretion to determine whether additional evidence is warranted, but a failure to exercise that discretion is legal error." (R. 19, PageID# 880). Given the abundance of medical records and medical opinion evidence contained in the record, this Court cannot find that the ALJ abused his discretion by declining to call a medical expert or to order an updated consultative examination. *See Rudd v. Comm'r of Soc. Sec.*, 531 Fed. App'x 719, 726 (6th Cir. 2013) ("[T]he ALJ was not required to obtain a medical expert to

---

[1] It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).

interpret the medical evidence related to Rudd's impairments. In fact, the regulations require the ALJ to evaluate the medical evidence to determine whether a claimant is disabled.") "Where the record contains sufficient evidence about an impairment, an ALJ does not abuse his discretion by declining to obtain an additional assessment." *Dodson v. Kijakazi*, 2022 WL 1090535, 2022 U.S. Dist. LEXIS 59281, at *24 (N.D. Ohio Jan. 20, 2022).

Furthermore, although Plaintiff's objections state he "reaffirms his original arguments in this respect and objects to the Magistrate Judge's findings" (R. 19, PageID# 880), such assertion constitutes a general objection, which as stated above, merely restates the objecting parties previous argument and voices mere disagreement with a magistrate judge's suggested resolution—having "the same effects as would a failure to object." *Austin*, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, and agrees with the findings set forth therein. In addition, the Court has considered and overruled Plaintiff's objections, for the foregoing reasons. Therefore, the Magistrate Judge's Report and Recommendation (R. 18) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

August 22, 2022                     s/ *David A. Ruiz*
                                    David A. Ruiz
                                    United States District Judge